**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OLD TOWN PIZZA OF LOMBARD, INC., an Illinois corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| | ) | Case No. 1:11-cv-06959 |
| Plaintiff, | ) ) | |
| | ) | Judge John W. Darrah |
| v. | ) | |
| | ) | |
| CORFU-TASTY GYRO'S, INC. and JOHN DOES 1-10, | ) ) | Magistrate Judge Sheila M. Finnegan |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**ANSWER AND**
**AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES the Defendant CORFU-TASTY GYRO'S, INC. ("Corfu") by and through its attorneys, MICHAEL LEE TINAGLIA and THE LAW OFFICES OF MICHAEL LEE TINAGLIA, LTD., and for its ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, states as follows:

**ALLEGATIONS AND ANSWERS TO PRELIMINARY STATEMENT**

1. This case challenges Defendants' practice of sending unsolicited facsimiles.

**ANSWER:** Corfu admits only that the Plaintiff's complaint challenges Corfu's alleged transmission of a facsimile to Plaintiff, but denies the remaining allegations set forth in Paragraph 1. Further answering, Corfu Defendant denies any liability to the Plaintiff under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, or otherwise.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

**ANSWER:** Corfu denies that the Plaintiff has fully stated the substance of the TCPA and denies any violation of the TCPA as to the Plaintiff, and further denies any right on the part of the Plaintiff to statutory damages or other relief from Corfu.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:**  Paragraph 3 requires no response for the reason that the statements contained therein are not allegations of fact but rather extraneous narrative. However out of an abundance of caution Corfu denies the allegations of paragraph 3.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, common law conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

**ANSWER:** Corfu denies any liability under the TCPA as to the Plaintiff and specifically denies that Plaintiff is entitled to class action certification of Plaintiff's TCPA claims. Corfu further denies any liability under the claim of conversion or consumer protection statutes and specifically denies that the Plaintiff is entitled to class action certification.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA, injunctive relief and damages for common law conversion.

**ANSWER:** Corfu denies having violated the TCPA and further denies any right on the part of the Plaintiff for recovery of any statutory damages or any other form of relief for Corfu's alleged violation of the TCPA.

## ALLEGATIONS AND ANSWER TO JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

**ANSWER:** Corfu admits the allegations of paragraph 6.

7.      Venue is proper in the Northern District of Illinois because Defendants committed a statutory tort within this district and a significant portion of the events took place here.

**ANSWER:** Corfu denies having committed a tortuous act in the Northern District of Illinois, but further answering, affirmatively states that the venue of this case is proper in the United States District Court for the Northern District of Illinois, Eastern Division.

## ALLEGATIONS AND ANSWER TO PARTIES

8.      Plaintiff is an Illinois corporation with its principal place of business within this judicial district.

**ANSWER:** Corfu neither admits nor denies the allegations of paragraph 8 for the reason that Corfu has no personal knowledge thereof.

9.      On information and belief, Defendant, CORFU-TASTY GYROS, INC. is an Illinois corporation with its principal place of business within this judicial district. John Does 1-10 will be identified through discovery, but are not presently known.

**ANSWER:** Corfu admits the allegations of the first sentence of paragraph 9. Corfu neither admits nor denies the allegations of the second sentence of paragraph 9 for the reason that Corfu has no personal knowledge thereof.

## ALLEGATIONS AND ANSWER TO FACTS

10.     On or about October 30, 2010 Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:** Corfu admits that on October 30, 2010 it transmitted Exhibit A to Plaintiff but denies the remaining allegations of paragraph 10.

3

11.     Defendants created or made Exhibit A which Defendants knew or should have known is a good or product which Defendants intended to and did in fact distribute to Plaintiff and the other members of the class.

**ANSWER:** Corfu admits that it created Exhibit A but denies the remaining allegations of

paragraph 11.

12.     Exhibit A is part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

**ANSWER:** Corfu denies the allegations of paragraph 12.

13.     Plaintiff had not invited or given permission to Defendant to send the faxes.

**ANSWER**: Corfu is without sufficient knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 13 of the Plaintiff's complaint.

14.     On information or belief, Defendants faxed the same and similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:** Corfu denies the allegations of paragraph 14.

15.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:** Corfu denies the allegations set forth in Paragraph 15, and further answering

denies that the fax which Corfu allegedly sent to the Plaintiff constituted an "illegal" fax,

either under the TCPA or otherwise.

16.     Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

**ANSWER:** Corfu admits that Exhibit A did not display an opt out notice but denies that an opt

out notice as provided for by 64 C.F.R 1200 is required.

**ANSWER TO COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

4

17. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:** Corfu repeats and realleges its answers to Paragraphs 1 — 16 as its answer to Paragraph 17 as though fully set forth herein.

18. In accordance with FRCP 23, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

All persons who (l) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

Excluded from the class are the Defendants, their employees, agents and members of the Judiciary.

**ANSWER:** Corfu denies Plaintiff's entitlement to bring class action pursuant to FRCP 23 for alleged violation of the TCPA, either on behalf of the Plaintiff himself or as to any other person or persons that Plaintiff claims to be a member or members of the putative class.

19. Commonality [Fed.R.Civ.P. 23(A)(2): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

   a) Whether the Defendants sent unsolicited fax advertisements;
   b) Whether the Defendants' faxes advertised the commercial availability of property, goods or services;
   c) The manner and method the Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit "A" and other solicited faxed advertisements;
   d) Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;
   e) Whether the Defendants sent the faxed advertisements knowingly;
   f) Whether the Defendants violated the provisions of 47 U.S.C. § 227;
   g) Whether the Defendants should be enjoined from faxing advertisements in the future;
   h) Whether the Plaintiff and the other members of the class are entitled to statutory damages;

5

i)  Whether Exhibit A and Defendants' other advertisement displayed a proper opt out notice as required by 64 C.F.R. 1200; and

j)  Whether the Court should award treble damages.

**ANSWER:** Corfu denies the allegations of paragraph 19 and each of the sub-paragraphs a)

through j) contained therein.

20.  Typicality [Fed R. Civ. P. 23 (A) (3): The Plaintiffs claims are typical of the claims of all class members. The Plaintiff received a fax sent on behalf of the Defendants advertising goods and services of the Defendants during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the federal statute. The Defendants have acted the same or in a similar manner with respect to the Plaintiff and all the class members.

**ANSWER:** Corfu denies the allegations of paragraph 20.

21.  Fair and Adequate Representation [Fed. R. Civ. P. 23 (A) (4): The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

**ANSWER:** Corfu denies the allegations of paragraph 21.

22.  Need for Consistent Standards and Practical Effect of Adjudication [Fed R. Civ. P. 23 (B) (1): Class certification is appropriate because the prosecution of individual actions by class members would: a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants, and/or b) as a practical matter, adjudication of the Plaintiffs claims will be dispositive of the interests of class members who are not parties.

**ANSWER:** Corfu denies the allegations of paragraph 22 and specifically denies that class

certification is appropriate pursuant to FRCP 23 (B)(1).

23.  Common Conduct [Fed. R. Civ. P. 23 (B) (2): Class certification is also appropriate because the Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

**ANSWER:** Corfu denies the allegations of paragraph 23 and specifically denies that class

certification is appropriate pursuant to FRCP 23 (B)(2).

24.     Predominance and Superiority [Fed. R. Civ. P. 23 (B) (3): Common questions of
        law and fact predominate and a class action is superior to other methods of
        adjudication:

        a)      Proof of the claims of the Plaintiff will also prove the claims of the class
                without the need for separate or individualized proceedings;

        b)      Evidence regarding defenses or any exceptions to liability that the
                Defendants may assert and prove will come from the Defendants' records
                and will not require individualized or separate inquiries or proceedings;

        c)      The Defendants have acted and are continuing to act pursuant to common
                policies or practices in the same or similar manner with respect to all class
                members;

        d)      The amount likely to be recovered by individual class members does not
                support protested individual litigation. A class action will permit a large
                number of relatively small claims involving virtually identical facts and
                legal issues to be resolved efficiently in one (1) proceeding based upon
                common proofs;

        e)      This case is inherently managed as a class action in that:

                (i)      The Defendants identified persons or entities to receive the fax
                         transmissions and it is believed that the Defendants' computer and
                         business records will enable the Plaintiff to readily identify class
                         members and establish liability and damages;

                (ii)     Liability and damages can be established for the Plaintiff and the
                         class with the same common proofs;

                (iii)    Statutory damages are provided for in the statute and are the same
                         for all class members and can be calculated in the same or a similar
                         manner;

                (iv)     A class action will result in an orderly and expeditious
                         administration of claims and it will foster economics of time, effort
                         and expense:

                (v)      A class action will contribute to uniformity of decisions
                         concerning the Defendants' practices; and

(vi)     As a practical matter, the claims of the class are likely to go
         unaddressed absent class certification.

**ANSWER:** Corfu denies the allegations of paragraph 24 and specifically denies that class

certification is appropriate pursuant to FRCP 23 (B)(3) and further denies that common questions

of law and fact predominate and a class action is superior to non class adjudication of any

meritorious issues and further specifically deny the allegations in subparagraphs a) through e).

25.     The TCPA makes unlawful the "use of any telephone facsimile machine,
        computer or other device to send an unsolicited advertisement to a telephone
        facsimile machine ... " 47 U.S.C. § 227.

**ANSWER:** Corfu denies that Plaintiff has fully stated the provisions of the TCPA and further

answering, denies having violated any provision of the Act.

26.     The TCPA defines "unsolicited advertisement" as "any material advertising the
        commercial availability or quality of any property, goods, or services which is
        transmitted to any person without that person's express invitation or
        permission.."47 U.S.C. § 227(a)(4).

**ANSWER:** Corfu denies that Plaintiff has fully stated the provisions of the TCPA and further

answering, denies having violated any provision of the Act.

27.     The TCPA provides:

"3.     <u>Private right of action.</u> A person may, if otherwise permitted by the laws
        or rules of court of a state, bring in an appropriate court of that state:

        (A)     An action based on a violation of this subsection or the regulations
                prescribed under this subsection to enjoin such violation;

        (B)     An action to recover actual monetary loss from such a violation, or
                to receive $500 in damages for each such violation, whichever is
                greater, or

        (C)     Both such actions."

**ANSWER:** Corfu denies that Plaintiff has fully stated the provisions of the TCPA and further

answering, denies having violated any provision of the Act.

28.     The TCPA is a strict liability statute, so the Defendants are liable to the Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:** Corfu denies the allegations of paragraph 28.

29.     The Defendants knew or should have known that a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' goods or services; b) the Plaintiff and the other class members did not have an established business relationship; and c) Defendant transmitted advertisements, and d) the advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

**ANSWER:** Corfu denies the allegations of paragraph 29 and each of the sub parts contained

therein.

30.     The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes used the Plaintiffs fax machine. The Defendants' faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendants' illegal faxes. That time otherwise would have been spent on the Plaintiffs business activities. The Defendants' faxes unlawfully interrupted the Plaintiffs and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

**ANSWER:** Corfu denies the allegations set forth in Paragraph 30 and specifically denies

Plaintiff's characterizations relating to "junk faxes", "illegal faxes", and unlawful

interruption of the privacy interests of the Plaintiff or others.

31.     The Defendants violated 47 U.S.C. § 227, et seq., by transmitting advertisements to the Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

**ANSWER:** Corfu denies the allegations of paragraph 31.

WHEREFORE, Defendant, CORFU-TASTY GYROS, INC. prays that judgment be

entered in its favor and against Plaintiff, OLD TOWN PIZZA OF LOMBARD, INC., that a class

not be certified pursuant to FRCP 23 and that Count I of the complaint be dismissed with prejudice and with costs being assessed against the Plaintiff.

**ANSWER TO COUNT II**
**CONVERSION**

Corfu provides no answer to Count II as that Count is currently subject to a motion to dismiss.

WHEREFORE, Defendant, CORFU-TASTY GYROS, INC. prays that judgment be entered in its favor and against Plaintiff, OLD TOWN PIZZA OF LOMBARD, INC., that a class not be certified pursuant to FRCP 23 and that Count II of the complaint be dismissed with prejudice and with costs being assessed against the Plaintiff.

**ANSWER TO COUNT III**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**815 ILCS 505/2**

Corfu provides no answer to Count III as that Count is currently subject to a motion to dismiss.

WHEREFORE, Defendant, CORFU-TASTY GYROS, INC. prays that judgment be entered in its favor and against Plaintiff, OLD TOWN PIZZA OF LOMBARD, INC., that a class not be certified, and that Count III of the complaint be dismissed with prejudice and with costs being assessed against the Plaintiff.

**AFFIRMATIVE DEFENSES**

NOW COMES THE DEFENDANT, CORFU-TASTY GYROS, INC. by and through its attorney, Michael Lee Tinaglia and the Law Offices of Michael Lee Tinaglia, Ltd., and for its Affirmative Defenses to Count I of the Complaint heretofore filed by the Plaintiff, states as follows:

10

## FIRST AFFIRMATIVE DEFENSE
(Established Business Relationship)

Plaintiff's TCPA claim against Corfu is barred to the extent that Corfu had an established business relationship with the Plaintiff and/or other putative class members.


## SECOND AFFIRMATIVE DEFENSE
(Posting A Facsimile Number)

Plaintiff's TCPA claim against Corfu is barred to the extent that Corfu obtained Plaintiff's facsimile number from a directory, advertisement, or site on the Internet to which Plaintiff voluntarily agreed to make available its facsimile number for public distribution.

## THIRD AFFIMATIVE DEFENSE
(De Minimus Doctrine)

Plaintiff's conversion claim against Corfu is barred under the doctrine of *de minimus non curate lex*, as the damages at issue are trivial in nature.

WHEREFORE, the Defendant, CORFU-TASTY GYROS, INC. prays for judgment in its favor and against the Plaintiff and for recovery of its costs of this action and such other and further relief as the Court deems fit.

CORFU-TASTY GYROS, INC. demands trial by jury.

Dated: November 28, 2011

CORFU-TASTY GYROS, INC., Defendant

BY:     /s/  Michael Lee Tinaglia
        Michael Lee Tinaglia

MICHAEL LEE TINAGLIA
Law Offices of Michael Lee Tinaglia, Ltd.
9700 West Higgins Road - Suite 1015, Rosemont, Illinois 60018
Phone: (847) 692-0421; Fax: (847) 685-8440
Cook Attorney #22869; ARDC #2835886
mltinaglia@tinaglialaw.com

11