UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLD TOWN PIZZA OF LOMBARD, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-cv-6959 |
| | ) |
| CORFU-TASTY GYRO'S, INC. and | ) Judge John W. Darrah |
| JOHN DOES 1–10, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Old Town Pizza of Lombard, Inc., brought a class-action claim against Defendant Corfu-Tasty Gyro's, Inc., seeking injunctive relief and damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* (Count I); the common law doctrine of conversion (Count II); and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count III), 815 ILCS § 505/2 *et seq.* Defendant moves to dismiss the conversion and ICFA claims (Counts II and III) for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendant's Motion to Dismiss both counts is granted for the reasons presented below.

## BACKGROUND

The following relevant facts are taken from the allegations in the Complaint. On or about October 30, 2010, Defendant sent a single unsolicited fax to Plaintiff's fax machine. (Compl. ¶ 10.) The fax was created by Defendant and transmitted as a part of Defendant's marketing operations for goods and services. (Compl. ¶¶ 11, 12.)

Plaintiff alleges that "on information and belief, Defendant faxed the same and similar facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation." (Compl. ¶ 14.)

Plaintiff alleges: (1) the unsolicited fax sent by Defendant violated the TCPA; (2) the unsolicited fax improperly converted Plaintiff's fax machine, toner, paper, and employee time to Defendant's own use, causing damage to the Plaintiff; and (3) the unsolicited fax constituted an unfair practice under the ICFA (Compl. ¶¶ 17-31, 37, 49, 50.)

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). A defendant may assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (*Twombly*). When considering a motion to dismiss, the complaint is viewed in light most favorable to the plaintiff, and reasonable inferences are construed in plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). All well-pleaded facts are accepted as true. *Id.*

## ANALYSIS

In Count II of the Complaint, Plaintiff alleges Defendant is liable for conversion for the paper and ink used by the unsolicited fax. In Count III, Plaintiff alleges Defendant is liable

under the ICFA for unfair business practices. For the reasons stated below, Defendant's Motion to Dismiss Counts II and III is granted.[1]

*Count II: Conversion*

Defendant argues Plaintiff's conversion claim fails on two theories: (1) Defendant never exercised control over Plaintiff's property, and (2) the conversion claim is barred by the *de minimis* doctrine. Defendant's lack-of-control argument is not persuasive, but the *de minimis* doctrine warrants dismissal of Plaintiff's claim for conversion.

To properly state a claim for conversion, a plaintiff must allege that a defendant intentionally exercised control or dominion over a chattel, which "so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Restatement (Second) of Torts § 226(A) ("Restatement"). In considering the severity of the interference in a conversion claim, the Restatement suggests that the following factors be used: (1) the extent and duration of the actor's exercise of control; (2) the actor's intent to assert a right inconsistent with the other's right of control; (3) the actor's good faith; (4) the extent and duration of the interference; (5) the harm done to the property; and the most significant factor, (6) the inconvenience and expense caused. Restatement, § 222(A)(2). The question in a conversion case is one of degree; there is no type of conduct that is *always*

---

[1] Many courts have expressed a sentiment of exasperation when faced with claims similar to the ones alleged in the case at bar. *See, e.g., Stonecrafters, Inc. v. Foxfire Printing and Packaging, Inc.*, 633 F. Supp. 2d 610, 613 (N.D. Ill. 2009) ("What started off as a dispute over the unauthorized use of a single sheet of paper from a fax machine has resulted, somewhat ironically, in the depletion of hundreds, if not thousands, or additional pieces of paper in furtherance of this litigation. It is with some hope of reducing the unnecessary state-law claims that are often brought in these "fax-blasting" cases that the court adds more pages to the burgeoning pile.... [T]his court will not entertain plaintiff's trivial claim of conversion...."); *Rossario's Fine Jewelry v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006) ("Under [Plaintiff's] approach this Court could well charge it and its counsel with "conversion" for the Court's having had to waste paper and ink in the just-completed analysis.").

sufficient to amount to a conversion. *Id.* § 222(A). "[A] proper complaint for conversion must allege (1) an unauthorized and wrongful assumption of control, dominion, or ownership by defendant over plaintiff's personality; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property." *General Motors Corp. v. Douglass*, 206 Ill. App. 3d 881, 886 (1990).

Defendant argues it never exercised control over Plaintiff's property because the property was never in Defendant's possession. Material alteration of chattel, however, is sufficient for a claim of conversion even though a defendant never takes actual possession of a chattel. *See Loman v. Freeman*, 229 Ill.2d 104, 127–28 (2008) ("One who intentionally destroys a chattel or so materially alters its physical condition as to change its identity or character is subject to liability for conversion to another who is in possession the chattel or entitled to its immediate possession." (quoting Restatement § 226)).

When Defendant sent the alleged unsolicited fax to Plaintiff, Defendant intentionally meant to materially alter the paper and toner. A party who sends a fax is aware that faxes deplete a recipient's paper and toner. *See Am. States Ins. Co. v. Capital Assocs. of Jackson County, Inc.*, 392 F.3d 939 (943) (7th Cir. 2004); *Stonecrafters, Inc. v. Foxfire Printing and Packaging, Inc.*, 633 F. Supp. 2d 610, 613 (N.D. Ill. 2009) (*Stonecrafters*) ("When defendant sent the alleged unsolicited fax advertisement to plaintiff, it intended that the fax would be printed, and therefore intended for plaintiff's paper and toner to be materially altered.").

Defendant's second argument is that the *de minimis* doctrine bars recovery for conversion of a single sheet of paper and an indeterminable amount of toner. Courts in the Northern District of Illinois disagree on whether the *de minimis* doctrine should be applied to conversion claims in

4

connection with class-action allegations under the TCPA. However, the *de minimis* argument is persuasive: a conversion claim like the one at issue shall be barred when a plaintiff does not allege substantial injury to itself.

The doctrine of *de minimis non curat lex*, or "the law does not concern itself with trifles," is directly applicable to the facts alleged here: the loss of a piece of paper and toner. *See Stonecrafters*, 633 F. Supp.2d at 613, *see, e.g., Rossario's Fine Jewelry v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006) (*Rossario's*) (dismissing a conversion claim for a single sheet of paper under the *de minimis* doctrine). The severity of the interference, the inconvenience, and the expense Plaintiff alleges to have suffered is trivial and insufficient to support a conversion claim.

Other courts in this District have arrived at a contrary conclusion regarding the applicability of the *de minimis* maxim. *See Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d. 768 (N.D. Ill. 2008) (*Centerline*) and *Brodsky v. Humanadental Ins. Co.*, No. 10-CV-3233, 2011 WL 529302 (N.D. Ill. Feb. 8, 2011). The reasoning in these other cases is unpersuasive for two reasons.

First, those cases held damages in the aggregate should not be considered on a motion to dismiss prior to granting class certification. Specifically, the *Centerline* court held: "Illinois law does not require application of the *de minimis* rule to class conversion claims founded upon very small individual losses, so long as those losses can plausibly be inferred to be substantial in the aggregate." *Centerline*, 545 F. Supp. 2d. at 782. However, the law appears to be to the contrary. While one benefit of a class action can be to allow a large number of plaintiffs to recover for small individual losses, "a plaintiff must first have a valid cause of action in his own right before he can proceed to represent a class." *Stonecrafters*, 633 F. Supp. 2d at 614. Pursuing a class

5

action does not save an otherwise insufficient claim from dismissal under Rule (12)(b)(6). *Stonecrafters*, 633 F. Supp. 2d at 614 ("Cumulative allegations of a putative class in a complaint cannot be used to prop up an otherwise trivial claim that is unable to stand on its own.").

Second, the *de minimis* doctrine should not be conflated with the concept of nominal damages. The *Centerline* court questioned whether the *de minimis* doctrine applied at all, noting that Illinois courts previously allowed conversion claims to be brought though the parties sought only nominal damages. *Centerline*, 545 F. Supp. 2d at 782. Nominal damages for conversion are properly awarded when the interference is severe enough to justify the payment of nominal damages, even if actual damages are absent. *See Stonecrafters*, 633 F. Supp. 2d at 614 ("Nominal damages presuppose a violation of sufficient gravity to merit a judgment even if significant damages cannot be proved" (citing *Brandt v. Bd. of Educ. of City of Chi.*, 480 F.3d 460, 465 (7th Cir. 2007)). The concepts of nominal damages and the *de minimis* doctrine are separate and distinct.[2] In declining to follow *Centerline*, the *Stonecrafters* court reasoned:

> The propriety of awarding nominal damages for a conversion claim in a particular case does not render the *de minimis* doctrine inapplicable to conversion cases, as these are two separate and distinct concepts. . . . [A] claim barred by the *de minimis* doctrine concerns a different category of claims in which the plaintiff has suffered no more than negligible damages from the beginning. . . . [T]he principle that a claim of sufficient gravity may be entitled to nominal damages, as stated in *Illinois Education*, does not provide support for the *Centerline* court's conclusion that the *de minimis* doctrine is not applicable to conversion claims. Because plaintiff's claim for conversion of paper and toner was insufficient as its inception to merit a judgment, the *de minimis* doctrine applies in this case, and no amount of damages, nominal or otherwise, would be appropriate.

---

[2] The *Centerline* court considered only *Ill. Educ. Assn. v. Ill. Fed'n of Teachers*, 107 Ill. App. 3d 686 (1982), which "permitted conversion claims to be brought only for nominal damages," *Centerline*, 545 F. Supp. 2d at 782. *Ill. Educ. Assn.*, however, involved the conversion of property which was subsequently returned, hence, nominal damages were permitted. Thus, the facts in *Ill. Educ. Assn.* are easily distinguishable from the fact pattern in this case and the *Centerline* case; in the case at bar and in the *Centerline* case, the property converted cannot be returned.

6

*Stonecrafters*, 663 F. Supp. 2d at 613–15. The sound reasoning presented by the *Stonecrafters* court is persuasive; the recovery for the damage suffered from the destruction of a sheet of paper is barred by the *de minimis* doctrine. In the case at bar, Plaintiff has only alleged damage from conversion for a single sheet of paper and the toner used to produce the message on the paper. Even drawing inferences of fact in favor of Plaintiff, the Plaintiff has failed to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. Plaintiff's Count II for conversion is dismissed.

*Count III: Illinois Consumer Fraud Act*

Defendant argues Plaintiff's ICFA claim fails because Defendant's conduct does not constitute a violation of the ICFA. The ICFA prohibits, "Unfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce." 815 ILCS 505/2. Plaintiff only alleges Defendant's conduct was unfair, not deceptive. In determining whether conduct is unfair in violation of the ICFA, courts consider: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417–18 (2002) (*Robinson*). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.* at 418.

Defendant's conduct clearly violates public policy, and Defendant does not argue otherwise. Not only does the sending of an unauthorized fax violate the TCPA, it is also a criminal misdemeanor in Illinois under 720 ILCS 5/26-3. Courts in this District agree such conduct violating federal and state law is against public policy. *See, e.g., Stonecrafters*, 633 F. Supp. 2d 610 at 616 ("[T]here is little dispute that the alleged practice of sending unsolicited fax

7

advertisement offends public policy."); *Centerline*, 545 F. Supp. 2d at 780 ("[T]he practice [is] unlawful under the TCPA[;] it is [also] a misdemeanor criminal offense under Illinois law."). Thus the first *Robinson* factor supports Plaintiff's claim of ICFA violation.

The second *Robinson* factor is whether the conduct was immoral, unethical, oppressive, or unscrupulous; Defendant argues it was not. A practice may be considered immoral, unethical, oppressive, or unscrupulous if it deprives the consumer of a meaningful choice or places an unreasonable burden on the consumer. *W. Ry. Devices Corp. v. Lusida Rubber Prods. Inc.*, No. 06-CV-0052, 2006 WL 167116, at *5 (N.D. Ill. June 13, 2006) (*Lusida*). Unsurprisingly, courts in the Northern District of Illinois are also divided as to whether sending an unsolicited fax constitutes such oppressive behavior in violation of the ICFA.

Sending an unsolicited fax does deprive a recipient of *some* choice: the recipient is forced to either turn off its fax machine or receive the unwanted intrusion. *See Centerline*, 545 F. Supp. 2d at 780. Some courts have held, however, that such an intrusion does not place an unreasonable burden on the recipient. *See Rossario's*, 443 F. Supp. 2d at 979 (discussing the "patent inapplicability" of the second *Robinson* factor); *Lusida*, 2006 WL 1697119 at *5 ("The burden imposed by [Defendant's] practice can hardly be characterized as unreasonable . . . ."). Plaintiff has alleged the receipt of one fax; it would be improper to find the receipt of one fax unreasonably burdensome or "oppressive" on Plaintiff to constitute "unfair conduct" in violation of the ICFA. *See Stonecrafters*, 633 F. Supp. 2d at 616–17.

The third *Robinson* factor is whether the consumer has been substantially injured. As discussed above, the injury suffered by Plaintiff was minimal, and therefore this factor supports the Defendant's Motion. *Stonecrafters*, 633 F. Supp. 2d at 617 ("the cost of receiving and

printing a single page facsimile advertisement cannot be characterized as 'significant harm,'" (quoting *Lusida*, 2006 WL 1697119 at *6)).

Plaintiff argues the injury incurred ought to be considered in the aggregate of the alleged class. This argument fails for the ICFA claim for the same reason it fails for the conversion claim:

> Plaintiff . . . contends that the sending of the faxes . . . was a part of a "fax broadcasting" campaign of "junk faxes." However, where a putative class representative has no valid claim in his own right, he cannot bring such a claim on behalf of a putative class. [citation omitted]. Because [Plaintiff] has failed to allege that it personally suffered substantial injury under the ICFA, its class allegations have no bearing on this motion [to dismiss ICFA claim for failure to state a claim].

*Lusida*, 2006 WL 1697119 at *6.

Furthermore, as previously discussed, even assuming the aggregate harm to an uncertified class could be considered, such aggregate harm is still not substantial in this present case. *See Stonecrafters*, 633 F. Supp. 2d at 617 ("[P]laintiff alleges that the proposed class 'consists of thousands of persons in Illinois . . . .' [A] thousand people suffering damage in the amount of a couple of pennies only amounts to an aggregate harm of $20." (citation omitted)).

While the public policy factor weighs in favor of Plaintiff's claim, the oppressiveness and substantial injury factors enumerated in *Robinson* weigh heavily in favor of Defendant's argument for dismissal. Count III of Plaintiff's Complaint, alleging violation of the ICFA, is dismissed.

## CONCLUSION

For the reasons discussed above, Counts II and III of Plaintiff's Complaint are dismissed.

Date: 2-23-12

JOHN W. DARRAH
United States District Court Judge